IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD BRINSON,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | **NO. 07-3717** |
| | : | |
| **JAMES T. WYNDER, et al.** | : | |
| Respondents | : | |

**MEMORANDUM AND ORDER**

**Stengel, J.**                                                                                                       **September 25, 2008**

      Petitioner Richard Brinson filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254.  I referred Brinson's petition to United States Magistrate Judge Elizabeth T. Hey for a Report and Recommendation (R&R).  After reviewing Brinson's arguments and the defendant's response, Judge Hey found that neither statutory nor equitable tolling applied and recommended that the petition be dismissed as untimely.  Brinson filed timely objections.  The facts of this case are not in dispute and have been thoroughly stated in the R&R.  For the reasons that follow, I will overrule Brinson's objections, adopt the R&R as supplemented by this Memorandum, deny the petition, and deny a certificate of appealability.

**I. Standard of review:**

      A district court judge reviews *de novo* those portions of a magistrate judge's report and recommendation to which a party has objected.  28 U.S.C. § 636(b)(1)(C); E.D. PA.

R. CIV. P. 72.1(IV)(b).  The district court judge may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations.  28 U.S.C. § 636(b)(1)(C).  District court judges have wide discretion as to how they treat recommendations of a magistrate judge.  See United States v. Raddatz, 447 U.S. 667, 680 (1980).  By providing for a *de novo* review, instead of a *de novo* hearing, Congress intended to permit district court judges to make whatever sound reliance they choose on a magistrate judge's recommendation.  See id.; see also 28 U.S.C. § 636(b)(1)(C).

**II. Discussion:**

Brinson's objections are centered on his contention that it was inappropriate for his claim to be dismissed without any consideration of its merits due to the perceived constitutional problems leading to his conviction.  His argument is three-pronged:

> (1) He will remain imprisoned for an unconstitutional conviction as a result of "[Judge Hey's] patent error in denying merit review";
>
> (2) His imprisonment is due to alleged Batson violations in the original trial; and
>
> (3) Due to the racism tainting his conviction, "the federal reason for denying a hearing or merit review is non-existent."

None of Brinson's objections, however, address Judge Hey's well-supported findings for dismissing the petition as untimely under AEDPA.  See 28 U.S.C.A. § 2244(d)(1).

Brinson's claim that Judge Hey's decision to dismiss the petition was erroneous is unavailing.  He argues that the dismissal was "downright unreasonable" and violated his

constitutional right to due process[1]. He presents no case law or legal authority in support of his argument. Brinson has already received the opportunity to have his claim considered under AEDPA, and that time has long since passed. He was not denied access to the courts; he merely sat on his constitutional rights. No court in our circuit appears to have addressed this issue directly, but the near unanimous rejection of this argument by other federal courts that have considered this issue is persuasive. See, e.g., Lockett v. Day, 264 F.3d 1140 (5th Cir. 2001) (nonprecedential) (finding that the district court's application of AEDPA's limitations period "did not hinder [petitioner's] ability to file a state habeas petition"); Hill v. Dailey, 534 F. Supp. 2d 746 (E.D. Ky. 2008) (holding, in part, that the limitations period did not violate the First Amendment's Right to Petition clause); Martinez Cedillo v. United States, No. 01-416, 2005 WL 2620515 (D. Or. Oct. 7, 2005) (same); Lamkin v. Cockrell, No. 02-0436, 2003 WL 22244962 (W.D. Tex. Sept. 30, 2003) (same).

Brinson's second objection is that his imprisonment was due in part to the alleged Batson violations at his criminal trial. He cites no legal authority and raises only the same evidence he presented in his petition.[2] Moreover, he makes no specific claims as to the

---

[1] In particular, Brinson argues his "First Amendment due process rights" are not being protected. (Pet'r's Objections at 2).

[2] The first piece of evidence Brinson points out is a series of "handwritten notes taken by former Assistant District Attorney Gavin Lentz during a 1990 training lecture given by Assistant District Attorney Bruce Sagel. Neither Lentz nor Sagel was involved in Brinson's prosecution." (R&R at 9-10). Brinson claims this information was not disclosed until January 18, 2006. (Id. at 10). He also points to a "1987 Jack McMahon videotape in which the prosecutor allegedly instructed attorneys . . . how to discriminate in jury selection . . . ." (Id.). As the R&R points out though, that material and its contents were "widely known at least a decade ago when the Philadelphia Inquirer and Philadelphia Magazine published articles in April 1997." (Id.).

prosecutor's conduct in his case. Various courts in our circuit have considered the same material Brinson raises and all have rejected the arguments that they constitute evidence of "a policy or practice of racial discrimination in jury selection by the [Philadelphia] District Attorney's Office." Wyatt v. DiGuglielmo, No. 07-5493, 2008 WL 2790206 (E.D. Pa. July 18, 2008) (Yohn, J.) (mem.); Rollins v. Horn, No. 00-1288, 2006 WL 2504307 (E.D. Pa. Aug. 17, 2006) (Joyner, J.) (mem.); Bond v. Beard, No. 02-8592, 2006 WL 1117862 (E.D. Pa. Apr. 24, 2006) (Fullam, J.) (mem.). Given the dearth of legal authority justifying Brinson's request that his Batson claim be considered despite its untimeliness, and the repeated rejection of the very same discrimination claim by other judges in this district, the objection is overruled.

Brinson's third objection is that "the federal reason for denying a hearing or merit review is non-existent." Again, his argument is built on the injustice in allowing the perceived racism tainting his conviction to stand. Brinson, however, points to no statutory or judicial authority to justify a departure nor am I aware of any case law supporting his contention. No exception to section 2244's limitations appears in the statute.[3] On the contrary, it clearly establishes a one-year limitation on the federal court's

---

[3] Section 2244 provides:
   A one-year period of limitation shall apply to an application for writ of *habeas corpus* by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of -
        (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State

consideration of habeas corpus petitions by those in state custody.  No statutory or equitable tolling would make the petition timely.  As the limitations period has long since expired, Judge Hey had good reason to dismiss the petition.

For the foregoing reasons, the petitioner's objections are overruled, and the R&R is approved and adopted.  An appropriate Order follows.

---

action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral appeal; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

18 U.S.C. § 2244(d)(1).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD BRINSON,** | : | **CIVIL ACTION** |
| Petitioner | : | |
| | : | |
| v. | : | NO. 07-3717 |
| | : | |
| **JAMES T. WYNDER, et al.** | : | |
| Respondents | : | |

## O R D E R

**STENGEL, J.**

     **AND NOW**, this 25th day of September, 2008, upon careful and independent consideration of the petition for writ of *habeas corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey and the Petitioner's Objections thereto, IT IS HEREBY ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. Petitioner's Objections are OVERRULED.

3. The petition for writ of *habeas corpus* is DENIED in its entirety.

4. There is no probable cause to issue a certificate of appealability.

5. The Clerk of the Court shall mark this case closed for all purposes.

                                        BY THE COURT:

                                        /s/ Lawrence F. Stengel
                                        LAWRENCE F. STENGEL, J.